IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD ABERNATHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-1207-DWD |
| ) | |
| ) | |
| JAMES C. BELFORD, OBADIAH ) | |
| MIMS, SAMUEL B. WINKS, ) | |
| CHARLES W. HECK, and DIANE ) | |
| SKORCH, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Edward Abernathy, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville"). Abernathy's original Complaint was dismissed pursuant to Federal Rule of Civil Procedure 8(a) for his failure to submit a short, simple, concise Complaint. He was assigned counsel to draft a legible Amended Complaint. In his Amended Complaint (Doc. 71), he alleges Defendants retaliated against him for filing grievances and denied him due process during a disciplinary hearing.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

1

Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Abernathy makes the following allegations in the Amended Complaint (Doc. 71): He has been designated by the Illinois Department of Corrections ("IDOC") as a serious mental illness ("SMI") offender (*Id.* at p. 3). He also is hard of hearing and suffers from memory loss and chronic headaches. He has an ADA accommodation because of the issues with his hearing.

Abernathy filed grievances against Belford, Mims, and Winks (Doc. 71, p. 4). On October 3, 2019, Belford issued Abernathy a disciplinary ticket for unauthorized movement and disobeying a direct order. Abernathy maintains the ticket was false and retaliatory. He was unable to comply with the order to enter his cell because his door did not open. The next day, Mims issued him another ticket that was false and unjustified. On October 19, 2019, Abernathy filed two grievances about the tickets and on October 23, 2019 Winks issued him a third disciplinary ticket which he alleges was false. After the third ticket, he was placed in segregation and had his "hard of hearing" sign taken away from him.

On October 29, 2019, Heck and Skorch conducted a hearing on the third ticket, but Abernathy was not given the opportunity to call any witnesses or present a defense of the ticket (Doc. 71, p. 5). The mental health staff recommended no segregation, indicating

that placement in segregation would impact his mental health. But the hearing committee imposed 15 days of segregation (*Id.*).

## Discussion

The Amended Complaint alleges three claims:

**Count 1:**   **First Amendment retaliation claim against Belford, Mims, and Winks for issuing false and unjustified disciplinary tickets.**

**Count 2:**   **Fourteenth Amendment substantive due process claim against Winks, Heck, and Skorch for issuing and finding Abernathy guilty of a false disciplinary ticket.**

**Count 3:**   **Fourteenth Amendment procedural due process claim against Winks, Heck, and Skorch for denying Abernathy's request to call witnesses and present evidence at the hearing.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Abernathy sets forth claims in Counts 1, 2, and 3.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Disposition

For the reasons stated above, Count 1 shall proceed against Belford, Mims, and Winks. Count 2 shall proceed against Winks, Heck, and Skorch. Count 3 shall proceed against Winks, Heck, and Skorch.

The Clerk of Court shall prepare for Defendants James Belford, Obadiah Mims, Samuel Winks, Charles Heck, and Diane Skorch: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Abernathy. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Abernathy, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section

4

1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Abernathy, and the judgment includes the payment of costs under Section 1915, Abernathy will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Abernathy is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 1, 2021**

_____
**DAVID W. DUGAN**
**U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the

complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

   The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.